EMELINE MONFILS, ADMINISTRATRIX OF JOSEPH T. MONFILS, JR., v. W. L. HAZLEWOOD AND G. N. DICKENS, TRADING AS H. & D. TRANS-FER COMPANY.

(Filed 25 September, 1940.)

**1. Death § 3—**

Since an action for wrongful death exists solely by virtue of the statute, C. S., 160, it must be maintained and prosecuted in strict accord with the statute, and an administratrix appointed by the court of another state may not maintain an action for wrongful death in this State. Such holding does not impinge Article IV, sec. 1, of, or the 14th Amendment to, the Federal Constitution.

**2. Pleadings § 19—**

Where an action is removed to the county of defendants' residence upon motion aptly made, C. S., 470, defendants have 30 days after final determination of their motion to remove in which to answer or demur. C. S., 509.

**3. Pleadings § 16b—**

Where an action for wrongful death is instituted in this State by an administratrix appointed by the court of another state, the defect may be taken by demurrer, since such plaintiff does not have legal capacity to sue and the complaint does not state facts sufficient to constitute a cause of action. C. S., 511 (1) (2).

APPEAL by plaintiff from *Nimocks, J.,* at August Term, 1940, of HALIFAX.

This is an action by an administratrix instituted in Vance County to recover damages for the wrongful death of her intestate caused by an automobile collision in said county, under the provisions of C. S., 160.

According to the complaint the plaintiff qualified as administratrix in the county judge's court in and for Dade County, Florida. Before time for answering expired, upon motion of defendants, the cause was removed to Halifax County where the defendants were residents. C. S., 470. After the removal to Halifax County the defendants filed demurrer upon the grounds that (1) the plaintiff was appointed administratrix in a foreign jurisdiction, namely, the State of Florida, (2) the plaintiff is without capacity to sue in the State of North Carolina, and (3) the plaintiff cannot maintain the action in the courts of North Carolina. The court sustained the demurrer and dismissed the action. The plaintiff reserved exception and appealed.

*J. H. Bridgers and Jasper B. Hicks for plaintiff, appellant.*
*Gholson & Gholson for defendants, appellees.*

SCHENCK, J.   This action having been instituted under the provisions of C. S., 160, it cannot be maintained by an administratrix of a foreign

jurisdiction. *Hall v. R. R.,* 146 N. C., 345; *ibid,* 149 N. C., 108. "No suit can be maintained upon a cause of action arising in this State by any person except an executor or administrator duly appointed by the local court." *Tieffenbrun v. Flannery,* 198 N. C., 397. Actions for wrongful death instituted under the provisions of the statute, C. S., 160, since they exist only by virtue of the statute, must be instituted and prosecuted strictly in accord with the statute. *Brown v. R. R.,* 202 N. C., 256.

"A foreign administrator has no authority in this State, and cannot sue nor be sued as such; and since a nonresident cannot be appointed administrator, there should be an ancillary administration by a proper person in this State." McIntosh, N. C. Prac. & Proc., sec. 250, p. 234; *Morefield v. Harris,* 126 N. C., 626; *Hall v. R. R., supra;* C. S., 8 (2).

The defendants had thirty days after the final determination of their motion to remove in which to answer or demur. C. S., 509. The demurrer in this action was filed within the statutory time.

Among the grounds for demurrer prescribed by statute are (1) the plaintiff has not legal capacity to sue, and (2) the complaint does not state facts sufficient to constitute a cause of action. C. S., 511.

It appearing that the demurrer was timely filed, that the plaintiff has not legal capacity to sue and that the complaint does not state facts sufficient to constitute a cause of action, the judgment sustaining the demurrer and dismissing the action must be affirmed.

We cannot concur in the argument of counsel for appellant that "the full faith and credit" clause of the Constitution of the United States, Art. IV, sec. 1, or the "due process of law" clause of the Fourteenth Amendment thereto, is impinged by the judgment below.

Affirmed.