LILLIE MARTIN GRAVES v. TERRY WHITE WELBORN, T/A WELBORN ELECTRIC COMPANY.

(Filed 19 December 1963.)

1. **Death § 3—**

An action for wrongful death is purely statutory and must be brought by the personal representative; if brought by a person who has not been appointed in this State the action must be dismissed; if the personal representative is permitted to become a party to an unauthorized action for wrongful death, the action is deemed to have been commenced only from the time he became a party. G.S. 28-173.

2. **Parties § 2—**

The court has no authority, over objection, to convert a pending action which cannot be maintained into a new and independent action by admitting a party who is solely interested as plaintiff.

**3. Death § 4—**

The amendment of G.S. 28-173 by G.S. 1-53(4) removed the time limitation on an action for wrongful death as a condition annexed to the cause of action and made it a two-year statute of limitations.

**4. Executors and Administrators § 8—**

Whether an action is brought by a person in his individual capacity or in his capacity as personal representative is to be determined from the allegations of the complaint and not the caption to the action.

**5. Pleadings § 25—**

Ordinarily the court may allow in its discretion an amendment to correct a misnomer or mistake in the name of a party where the amendment does not amount to a substitution or entire change of parties.

**6. Same; Death § 4— Where action is instituted by person adjudged to be entitled to appointment, issuance of letters relates back to time of order.**

The widow, prior to filing complaint in this action for wrongful death, had applied for appointment as administratrix, and order had been issued adjudging that she was entitled to appointment and she had signed the bond, but the surety had not signed and the letters did not actually issue until more than two years after intestate's death. The caption of the complaint was in the name of the widow individually, but the complaint alleged in good faith that she was the duly appointed and acting administratrix of decedent. *Held:* Upon the issuance of letters they related back to the time of the order, and the court should permit an amendment and should not dismiss the action on the ground that it was not instituted within the time limited.

APPEAL by plaintiff from *Shaw, J.,* September 2, 1963 Civil Term of GUILFORD.

Action for wrongful death. The events, material to this decision, occurred chronologically as follows:

Paul Junior Graves died intestate on August 30, 1957.

On August 7, 1958 his wife, Lillie Martin Graves, the plaintiff in this action, applied to the Clerk of the Superior Court of Guilford County for letters of administration upon his estate. The application specified no valuation for either his real or personal property. On the same day *an order for letters of administration* was signed by the Assistant Clerk of the Superior Court in which it was adjudged that plaintiff was entitled to the letters upon her qualification by taking the oath and giving an approved bond as required by law. The order did not ascertain the value of the decedent's property but provided that if the surety upon the bond should be an authorized surety company, the penalty of the bond would be one thousand dollars. The plaintiff thereupon signed the oath and, as principal, she also executed the bond in

the sum of one thousand dollars. The surety named in the bond, Southern Fidelity Mutual Insurance Company, did not then execute it.

On August 17, 1959 plaintiff instituted this action to recover damages from the defendant for the wrongful death of her intestate. The caption of the complaint indicated that she had brought the action as an individual. However, in the first paragraph plaintiff alleged that she "was duly appointed and is now acting as administratrix of the estate of said decedent."

On November 12, 1959 the defendant, having obtained an extension of time, by answer denied that plaintiff was the duly appointed administratrix of the estate.

On April 2, 1962 the surety executed the bond and, on that day, the Clerk of the Superior Court issued letters of administration to the plaintiff.

The defendant questioned plaintiff's right to maintain this action. On October 12, 1962 plaintiff and defendant, by written stipulation incorporating the course of events as above stated, agreed that the Judge of the Superior Court might ascertain as a matter of law whether or not plaintiff was entitled to maintain the suit.

Thereafter, Judge Shaw heard the matter upon the stipulations and argument of counsel. He concluded, as a matter of law, that the action was not instituted by the personal representative of Paul Junior Graves as required by G.S. 28-173; that the statute of limitation, G.S. 1-53(4), barred the action for wrongful death on August 30, 1959; and that, therefore, the court was without authority to permit plaintiff to amend the complaint by alleging her subsequent qualification as administratrix after the time limitation for bringing the action had expired. From his order dismissing the action, plaintiff appealed to this Court.

*Elreta Melton Alexander for plaintiff appellant.*
*Hines & Boren and Jordan, Wright, Henson & Nichols for defendant appellee.*

SHARP, J.  The right of action for wrongful death is purely statutory. It may be brought only "by the executor, administrator, or collector of the decedent." G.S. 28-173. A widow, as such, has no right of action for the death of her husband. *Howell v. Comrs.*, 121 N.C. 362, 28 S.E. 362. If an action for wrongful death is instituted by one other than the personal representative of a decedent, duly appointed in this State, it should be dismissed, *Carr v. Lee*, 249 N.C. 712, 107 S.E. 2d 544; *Journigan v. Ice Co.*, 233 N.C. 180, 63 S.E. 2d 183; *Monfils v.*

*Hazlewood,* 218 N.C. 215, 10 S.E. 2d 673, and a separate and independent action instituted by such representative. *Hall v. R. R.,* 149 N.C. 108, 62 S.E. 899. The court has no authority, over objection, to convert a pending action which cannot be maintained into a new and independent action by admitting a party who is solely interested as plaintiff. *Exterminating Co. v. O'Hanlon,* 243 N.C. 457, 91 S.E. 2d 222. However, should the personal representative be permitted to become a party to an unauthorized action for wrongful death, the action is deemed to have been commenced only from the time he became a party. *Hall v. R. R., supra; Reynolds v. Cotton Mills,* 177 N.C. 412, 99 S.E. 240; *Insurance Co. v. Locker,* 214 N.C. 1, 197 S.E. 555.

Prior to the enactment of Chapter 246, Sess. Laws of 1951 (now codified as G.S. 1-53(4)) which amended G.S. 28-173, the institution of an action for wrongful death within one year after such death was a condition precedent to maintaining the action. All other requirements of the section were also strictly construed. See annotation to G.S. 28-173. The amendment removed the time limitation as a condition annexed to the cause of action and made it a two-year statute of limitations. *McCrater v. Engineering Corp.,* 248 N.C. 707, 104 S.E. 2d 858.

The majority rule is that an amendment which changes the capacity in which a plaintiff sues does not change the cause of action so as to let in the defense of the statute of limitations. Annot., 74 A.L.R. 1269; *Lopez v. United States,* 82 F. 2d 982, 987. That rule has not been followed in North Carolina. *Bennett v. R. R.,* 159 N.C. 345, 74 S.E. 883. However, plaintiff did not purport to institute the instant case in her individual capacity. In the first paragraph of the complaint she alleged that she was the duly appointed and acting administratrix of Graves. "An allegation by one describing himself as administrator of a designated estate is sufficient to show that he sues as such." 21 Am. Jur., *Executors and Administrators* § 947.

It is true that in the caption of the complaint and summons plaintiff did not designate herself as administratrix. When a suit is brought by a fiduciary he should indicate his representative capacity in the caption of the pleadings, but the character in which a party sues must be determined from the complaint and not from the caption. *Refining Co. v. Bottling Co.,* 259 N.C. 103, 130 S.E. 2d 33; 39 Am. Jur., *Parties* § 6.

*Bennett v. R. R., supra,* involved an action for wrongful death commenced by the widow of the decedent on July 4, 1910. An examination of the record of that case reveals (as the reported case does not) that she alleged in her complaint that she had been duly appointed as administratrix. The complaint itself had no caption but in the caption of

the summons the plaintiff's name appeared only as an individual. On March 11, 1912, the defendant moved to dismiss because plaintiff "failed to file a complaint in this action as required by statute." The plaintiff then moved to amend the summons by adding the word "administratrix" after her name. The judge allowed this motion. The Supreme Court reversed and dismissed the action saying that the effect of the amendment was "to change the entire character of the action and to convert that which was the individual action of Mary E. Bennett into one by her in her representative capacity as administratrix." The court held this could not be done more than a year after the death. *On the record* the Bennett case appears to have been wrongly decided.

Ordinarily an amendment of process and pleadings may be allowed in the discretion of the court to correct a misnomer or mistake in the name of a party where the amendment does not amount to a substitution or entire change of parties. *Bailey v. McPherson*, 233 N.C. 231, 63 S.E. 2d 559. In the instant case had plaintiff in fact been the duly appointed administratrix at the time the complaint was filed, there is no question but that the court would have had plenary power under G.S. 1-163 to permit the plaintiff to amend the caption in order to designate herself as administratrix in conformity with the allegation in the complaint.

However, the right to amend is not the primary question here. The difficulty in this case is that at the time plaintiff filed her complaint alleging that she was the duly appointed administratrix of Graves, that allegation was denied and it was not true. At that time the cause of action for wrongful death was not barred by the applicable two-year statute of limitations. When her letters were actually issued, however, her intestate had been dead more than five years. It is obvious, therefore, that unless the plaintiff's appointment as administratrix related back to the institution of this action, or to the time the order adjudicating her right to letters was signed, it cannot survive defendant's denial of the allegations in paragraph one of the complaint.

In order to protect property rights and to protect one who, prior to his appointment, has acted to preserve the estate, it is the universal rule that all previous acts of the personal representative prior to his appointment which were beneficial in nature to the estate and which would have been within the scope of his authority had he been duly qualified, are validated upon his appointment which relates back to the death of the intestate for this purpose. *Jones v. Jones*, 118 N.C. 440, 24 S.E. 774; 21 Am. Jur., *Executors and Administrators* § 211; see Annot., 26 A.L.R. 1359.

Although the appointment of an administrator relates back to the date of the death of decedent for many purposes, the courts are not

in accord as to whether it will relate back so as to validate an action brought prior to the appointment.

In *Gatfield agt. Hanson, et al,* 57 How. Pr. (N.Y.) 331, the heirs, not purporting to act for the estate, instituted the action to collect a mortgage which decedent owned at the time of her death. Thereafter one of them was appointed administrator. In dismissing the action, the court said: "As John H. Gatfield had no legal title or right to the mortgage when the action was commenced, his subsequent appointment cannot uphold the suit. The question is, what right had he when he instituted the suit? His subsequent appointment as administrator *de bonis non* cannot give validity to an action commenced before the appointment. . . ."

In *Pearson v. Anthony,* Iowa, 254 N.W. 10, decedent died November 20, 1931. On February 9, 1932, his wife, *alleging that she was the duly appointed administratrix,* instituted an action to recover damages for his wrongful death. The truth was that she expected to be appointed sometime in the future but, because of a lack of funds she had not secured her appointment. She was actually appointed on February 17, 1933 — after the statute of limitations had barred the action. The court said the question was whether the action of an individual *pretending* to act as administratrix were effective to commence the action and thereby avoid the bar of the statute of limitations. It answered the question in the negative and dismissed the suit.

In *Clinchfield Coal Corporation v. Osborne's Adm'r.,* 114 Va. 13, 75 S.E. 750, (1912) suit was brought *in the name of K as administrator* of the estate of O to recover damages for the wrongful death of O from the defendant Coal Corporation. No question of the statute of limitations was involved. *After verdict* it was discovered that by some mistake or inadvertence no order had been entered appointing K administrator. The order of appointment was then signed and judgment entered upon the verdict. Upon appeal, the case was sent back for a new trial on other grounds, but the court held that the appointment after verdict was valid and related back to the institution of the action. Among other authorities, it relied upon *Doolittle v. Lewis,* 7 Johns. Ch. (N.Y.) 49, 11 Am. Dec. 389, in which Chancellor Kent was quoted as follows: "If a party sues as executor or administrator, without probate or taking out letters of administration, the taking them out at any time before the hearing will cure the defect and relate back so as to make the bill good from the beginning. In a light so merely formal is that omission viewed."

In *Griffin v. Workman,* Fla., 73 So. 2d 844, G died on November 28, 1950. On November 26, 1952 plaintiff, the father of the decedent, in-

stituted an action for his wrongful death as *administrator of his estate.*
At that time the father was not the administrator. Two days later he
petitioned for appointment and an order was entered reciting that upon
taking the oath and filing the specified bond, letters would be granted.
Letters were actually issued on January 31, 1953. On January 9, 1953
defendant moved to dismiss the action and the trial court allowed the
motion. In reversing the dismissal, the Supreme Court reasoned: The
death action was the only asset of the estate; the suit was brought by
the person entitled to administer; no fraud or inequity was involved
and no new cause of action was presented by allowing the father to
prosecute the action to a conclusion. "We think, therefore," said the
court, "that the issue is ruled by the ancient doctrine 'that whenever
letters of administration or testamentary are granted they relate back
to the intestate's or testator's death. . . .'" No plea of the statute of
limitation was there involved, but the court said that such a plea
would not necessarily have changed its conclusions.

In *Anderson v. Union Pac. R. Co.,* Utah, 289 P. 146, plaintiff, *alleg-
ing that he was the administrator of G's estate,* instituted an action to
recover for the wrongful death of his intestate. Although the district
court had entered an order for plaintiff's appointment and he had filed
his bond as directed in the order, on the trial it was discovered that he
had failed to take the oath of office. Consequently, his letters had not
been issued. During the trial plaintiff took the oath and letters were
issued. The court held that the letters *related back to the time of the
order* validating the institution of the action which was for the bene-
fit of the estate.

It is a long established rule in the Federal courts that a lack of
letters of administration may be cured, and an objection to want of
capacity to sue, may be avoided by amendment or by substitution of
the proper party at any time before hearing. Later appointments of
this nature will relate back and validate the proceedings from the be-
ginning regardless of the statute of limitations. *Lopez v. United States,
supra; Deupree v. Levinson,* 186 F. 2d 297 and cases therein cited.

A case on all fours with the instant case is *Douglas v. Daniels Bros.
Coal Co.,* 135 Ohio St. 641, 22 N.E. 2d 195, 123 A.L.R. 761. There, de-
cedent died October 28, 1935. His wife, as administratrix, instituted an
action for his wrongful death on October 27, 1937—one day before the
statute of limitations would have barred the action. Prior to that date,
after having presented herself to the probate court asking to be ap-
pointed, she had received forms from the court which she erroneously
believed to be letters of administration. Thereafter she informed her
counsel that she had been appointed, and the error was not discovered

until preparations were being made for the trial. She was actually appointed on November 27, 1937, more than two years after the date of death. Thereafter she filed an amended complaint in which she alleged the above facts and attempted to ratify her act in commencing the action. *Inter alia,* defendant interposed these defenses: (1) Plaintiff did not have legal capacity to sue at the time she instituted the action, and (2) at the time of filing the amended petition the action was barred by the two year statute of limitations for wrongful death actions. The trial court sustained these defenses and directed a verdict for the defendant. The Court of Appeals reversed, quoting from the earlier case of *Archdeacon v. Cincinnati Gas & Electric Co.,* 76 Ohio St. 97, 81 N.E. 152 as follows:

> ". . . . (T)he motion to dismiss, was based upon a mere technicality. The plaintiff having fully qualified as administrator, before the case was reached for trial, every right of the defendants upon the merits of the case was fully preserved, and in no possible aspect could the delay in perfecting the bond and receiving the letters of administration prejudice the defense of the defendants upon the real meritorious question involved in the controversy, which was whether or not the defendants' negligence was the cause of the death." *Douglas v. Daniels,* 62 Ohio App. 1, 22 N.E. 2d 1003.

On appeal, the Supreme Court of Ohio sustained the Court of Appeals, saying:

> "The amendment corrects the allegations of the petition with respect to plaintiff's capacity to sue and relates to the right of action as contradistinguished from the cause of action. A right of action is remedial, while a cause of action is substantive, and an amendment of the former does not affect the substance of the latter. See 1 Bouv. Law Dict., Rawles Third Revision, page 295; Pomeroy's Code Remedies, 5th Ed., 526 *et seq.,* Section 346 *et seq.;* 1 Cyc., 642. An amendment which does not substantially change the cause of action may be made even after the statute of limitations has run.
>
> ". . . .
>
> "We hold that where a widow institutes an action as administratrix, for damages for the wrongful death of her husband, under the mistaken belief that she had been duly appointed and had qualified as such, thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after

the expiration of the statute of limitation applicable to such action, the amended petition will relate back to the date of the filing of the petition, and the action will be deemed commenced within the time limited by statute."

This case was the subject of an annotation in 123 A.L.R. 768 (1939) in which the commentator stated that no other case had been found which involved the question of an amendment to a complaint after limitation had run, so as to allege the subsequent valid appointment of a plaintiff who *had professed to bring the action initially in his representative capacity as executor or administrator.*

The Ohio Court has since made it clear that the doctrine of relation back validates only those actions of a personal representative which are for the benefit of the estate. Where it was discovered that letters of administration had been applied for but not issued to the *defendant administrator* until after the expiration of the statute of limitations as to a tort action against the estate, the court held there was no relation back. *Wrinkle v. Trabert,* 174 Ohio St. 233, 188 N.E. 2d 587.

We think that the reasoning of the Ohio Court in *Douglas v. Daniels Bros. Coal Co., supra,* is sound and applicable to the facts of the instant case. Unlike *Pearson v. Anthony, supra,* our case was not instituted by one *pretending* to be the administrator. Plaintiff, in good faith, and with some reason, albeit mistakenly, believed herself to be the duly appointed administratrix of the estate of Paul Junior Graves at the time she instituted the suit. Prior to the filing of the complaint plaintiff had applied for appointment; the Clerk had entered an order adjudging that she was entitled to letters of administration upon taking the oath and giving the bond. She had taken the oath, signed the bond as principal, and left it with the Clerk pending the signature of the surety. The bond recites that it was signed, sealed, and delivered in the presence of Madge C. Parker, Assistant Clerk of the Superior Court of Guilford County on August 7, 1958. The signature of the surety was the only remaining requirement for the issuance of letters. It is noted that the claim for wrongful death was the only asset of the estate and at that stage of the proceedings a nominal bond would have sufficed.

The basis of defendant's motion to dismiss the action is wholly technical. He has in nowise been prejudiced by the course of events. We therefore hold that, when issued, plaintiff's letters related back to the commencement of the action which was brought for the benefit of the estate prior to the bar of the statute of limitations, and that the complaint may properly be amended to allege the true facts. However, we must not be understood as holding that one who has never applied for letters or who, having applied, had no reasonable grounds for be-

lieving that he had been duly appointed, can institute an action for wrongful death, or any other cause, upon a false allegation of appointment and thereafter validate that allegation by a subsequent appointment. We think that the Iowa Court correctly dealt with a pretender.

For the reasons stated, the order of the court below dismissing the action is

Reversed.