DORIS REID, ADMINISTRATRIX OF THE ESTATE OF CURTIS CHARLES ELLERBEE, DECEASED v. BOBBY NATHANIEL SMITH AND L. V. MILLER SMITH

No. 6914SC341

(Filed 13 August 1969)

Executors and Administrators § 2;   Death §§ 3, 4— wrongful death action — false allegation of appointment as administratrix — subsequent appointment — relation back

A party who has not been appointed as administratrix and has not offered herself for qualification may not, upon a false allegation that she has qualified as administratrix, commence an action for wrongful death and, following the expiration of the statute of limitations, validate that action by a subsequent appointment as administratrix.

ON writ of certiorari issued on 30 January 1969 to Superior Court of DURHAM.

This action for recovery for wrongful death was commenced on 10 April 1968 and complaint was filed on this same date.

The facts which are pertinent to this appeal were stipulated by the parties as follows:

Curtis Charles Ellerbee, plaintiff's intestate was killed on 8 January 1965. On 31 May 1965, an action was filed in the Superior Court of Durham County entitled "Doris Reid, Administratrix of the Estate of Curtis Charles Ellerbee, Deceased vs. Bobby Nathaniel Smith and L. V. Miller Smith." Although in the action started on 31 May 1965, it was alleged that Doris Reid had qualified as the administratrix of the estate of Curtis Charles Ellerbee, in fact, she had not qualified as administratrix, had not offered herself for qualification, nor had any other person qualified or offered to qualify as administrator or administratrix. On 17 August 1967 (more than two years after the death of Curtis Charles Ellerbee) Doris Reid quali-

fied as administratrix of the estate of Curtis Charles Ellerbee. On 13 November 1967 judgment of voluntary nonsuit was entered in the action started on 31 May 1965.

The action now before this Court was commenced on 10 April 1968. By answer filed on 14 October 1968 defendants deny plaintiff's allegations of negligence and as a first further answer and defense allege that this action is barred by the statute of limitations, which is expressly pleaded as a bar to this action. The defendants' plea in bar was heard by Judge Clark upon consent of the parties and upon facts stipulated by the parties as above stated. By order filed on 20 December 1968, the defendants' first further answer and defense was denied. Defendants' petition for writ of certiorari to the Superior Court of Durham was allowed by this Court on 30 January 1969.

A. H. Borland and C. Horton Poe, Jr., for plaintiff appellee.

Haywood, Denny & Miller by George W. Miller, Jr., for defendant appellants.

MORRIS, J.

This case presents for determination the question of whether a party who has not been appointed administrator or administratrix, and who has not offered herself for qualification, may, upon a false allegation of appointment, commence an action for wrongful death, and, following the expiration of the statute of limitations, validate that action by a subsequent appointment.

G.S. 28-173 provides for recovery in the case of a wrongful death by an *executor, administrator, or collector of the decedent.* G.S. 1-53(4) provides that an action brought pursuant to the provisions of G.S. 28-173 is subject to a two-year statute of limitations. Therefore, when Doris Reid qualified on 17 August 1967 the time within which the action could be brought had expired. Did the appointment of Doris Reid on 17 August 1967 as administratrix of the estate of Curtis Charles Ellerbee, relate back to the commencement of the original action, so that under the provisions of G.S. 1-25, the present action would not be barred by the statute of limitations applicable to this action?

In *Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761, our Supreme Court was faced with a situation in which a widow had sued for the wrongful death of her husband alleging that she was the duly appointed administratrix of her husband's estate. In reality she had taken the oath, signed the bond as principal, and left it with the

clerk so that it could be signed by the surety. However, the bond was not signed by the surety until following the expiration of the statute of limitations. In an opinion by Sharp, J., the Court held that the plaintiff's letters of administration, when issued, related back to the commencement of the action and, therefore, the action was not barred by the statute of limitations.

In reaching this result, our Supreme Court cited a number of cases from other jurisdictions. In *Pearson v. Anthony,* 218 Iowa 697, 254 N.W. 10, an action was instituted by a widow alleging that she was a duly appointed administratrix when in fact she merely expected to be appointed in the future. She was actually appointed after the expiration of the statute of limitations. The Iowa Court held that the actions of an individual *"pretending"* to act as administratrix were ineffective to commence the action, therefore, the action was dismissed because of the statute of limitations. In *Douglas v. Daniels Bros. Coal Co.,* 135 Ohio St. 641, 22 N.E. 2d 195, a widow instituted an action for the wrongful death of her husband alleging that she had been appointed administratrix. In fact she had presented herself for appointment and received forms from the probate court which she erroneously believed to be letters of administration. The error was not discovered until after the expiration of the statute of limitations. The Ohio Court held:

> ". . . where a widow institutes an action as administratrix, for damages for the wrongful death of her husband, *under the mistaken belief that she had been duly appointed and had qualified as such,* thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after the expiration of the statute of limitation applicable to such action, the amended petition will relate back to the date of the filing of the petition, and the action will be deemed commenced within the time limited by statute." (Emphasis supplied.)

Speaking on these cases, Sharp, J., stated:

> "We think that the reasoning of the Ohio Court in *Douglas v. Daniels Bros. Coal Co., supra,* is sound and applicable to the facts of the instant case. Unlike *Pearson v. Anthony, supra,* our case was not instituted by one *pretending* to be the administrator. Plaintiff, in good faith, and with some reason, albeit mistakenly, believed herself to be the duly appointed administratrix of the estate of . . . (her husband) . . ."

> "However, we must not be understood as holding that one who has never applied for letters or who, having applied, had no

reasonable grounds for believing that he had been duly ap-
pointed, can institute an action for wrongful death, or any other
cause, upon a false allegation of appointment and thereafter
validate that allegation by a subsequent appointment. We think
that the Iowa Court correctly dealt with a pretender."

In the present case it does not appear that the plaintiff had made
an effort to obtain letters of administration. Nor does it appear that
she, for any reason, mistakenly believed herself to be the duly ap-
pointed administratrix of the estate of Curtis Charles Ellerbee. We
think this case should be governed by *Pearson v. Anthony, supra,*
and the principles stated in *Graves v. Welborn, supra.* We hold that
this wrongful death action is now barred by the statute of limita-
tions.

Reversed.

CAMPBELL and BROCK, JJ., concur.