MERCHANTS DISTRIBUTORS, INC. v. JOHN N. HUTCHINSON, IN-
DIVIDUALLY, AND JOHN N. HUTCHINSON, ADMINISTRATOR OF THE
ESTATE OF MARK S. HUTCHINSON, DECEASED
— AND —
RONNIE WAYNE LEWIS v. JOHN N. HUTCHINSON, INDIVIDUALLY,
AND JOHN N. HUTCHINSON, ADMINISTRATOR OF THE ESTATE OF
MARK S. HUTCHINSON, DECEASED

No. 7225SC571

(Filed 20 December 1972)

1. Executors and Administrators § 3— wrongful death action — appoint-
ment of ancillary administrator

In North Carolina, an administrator appointed by the court of
another state may not maintain an action for wrongful death occurring
in North Carolina; however, the clerk of the superior court in the
county in which personal service may be had upon the alleged tort-
feasor has authority to appoint an acillary administrator to sue for
wrongful death, notwithstanding that deceased was a nonresident.

2. Death §§ 3, 4— wrongful death action — Tennessee administrator —
statute of limitations not tolled

The commencement of a wrongful death action by a foreign ad-
ministrator in North Carolina will not operate to bar the running of
the applicable two-year statute of limitations, such action being a
nullity and subject to dismissal; therefore, a counterclaim for wrong-
ful death instituted by a Tennessee administrator in North Carolina
and more than two years from date of death of the deceased was
properly dismissed under G.S. 1A-1, Rule 12(b)(6).

3. Death §§ 3, 4; Executors and Administrators § 3— counterclaim barred
by statute of limitations — amendment of answer properly refused

The trial court properly refused to allow defendant to amend his
answer to assert a counterclaim which had been barred by the statute
of limitations since the proposed counterclaim for wrongful death
was signed and filed by attorneys acting on behalf of a foreign ad-
ministrator at a time when there was a duly appointed ancillary ad-
ministrator in North Carolina and after the Tennessee administrator
had failed in his effort to have the federal court take jurisdiction.
1A-1, Rule 15(c).

4. Appeal and Error § 50; Trial § 33— negligence action — instruction on
"victim" — no error

Though the Court of Appeals does not approve of the use of the
word "victim" by the trial judge in his charge to the jury in a negli-
gence action, use of the word in this particular action was not an im-
permissible expression of opinion by the trial judge and did not
amount to prejudicial error.

5. **Appeal and Error § 50; Negligence § 40; Trial § 33— negligence action —instruction on foreseeability — no error**

In a negligence action the trial court's charge, when construed as a whole, adequately stated the law as to foreseeability, and a reference to the requirement of "due regard for the rights of our fellowmen" did not constitute error.

6. **Negligence § 27— deposition excluded as irrelevant — no error**

Portion of a deposition having to do with pep pills in the possession of the deceased driver was irrelevant and too remote to be considered on the issue of deceased's negligence and was properly excluded.

APPEAL by John N. Hutchinson, Administrator (defendant), and Ronnie Wayne Lewis and Merchants Distributors, Inc. (plaintiffs), from *Grist, Judge,* 4 January 1972 Session of Superior Court held in CATAWBA County.

The collision giving rise to these two actions, which were consolidated for trial, occurred on U. S. Highway No. 64, approximately four miles east of Statesville, Iredell County, North Carolina, about 5:15 a.m. on 2 June 1969. Plaintiff Lewis, in the course of his employment, was driving a tractor-trailer vehicle owned by the plaintiff corporation in an easterly direction on Highway No. 64. Deceased, Mark S. Hutchinson, a 17-year-old minor domiciled in Tennessee, was driving a 1965 Dodge truck on the bed of which deceased and two passengers, Timothy Wilson and Arthur Larry Arnold, were transporting a "Supercuda" racing car west along Highway No. 64. At the point of the collision, Highway No. 64 was a two-laned paved highway, 22 feet wide with yellow dividing lines marking its center. The collision between the Dodge truck and the tractor-trailer truck occurred near the crest of a hill, and Mark S. Hutchinson died as a result thereof. Plaintiffs' evidence tended to show that deceased was negligent in that he drove the 1965 Dodge truck across the center yellow line into the path of the corporate plaintiff's truck. Defendant's evidence tended to show that plaintiff Lewis was negligent in that he drove the corporate plaintiff's truck across the center yellow line into the path of the deceased's Dodge truck.

On 9 September 1969, plaintiff Lewis and plaintiff Merchants Distributors, Inc., commenced these actions by filing complaints against John N. Hutchinson, the registered owner of the 1965 Dodge truck. Mr. Hutchinson (the father of the deceased, Mark S. Hutchinson) was a citizen and resident of

Tennessee at the time of this action. After answers were duly filed on 1 December 1969 by the defendant, John N. Hutchinson, to the original complaints, plaintiffs filed amended complaints on 28 January 1971 and joined John N. Hutchinson, the Tennessee administrator of the estate of Mark S. Hutchinson, as a party defendant to the actions. Alias summonses were issued on 5 February 1971 and served on 10 February 1971 on John N. Hutchinson, individually and as administrator of the estate of Mark S. Hutchinson. John N. Hutchinson had been appointed administrator of the estate of Mark S. Hutchinson, deceased, on 2 December 1969 by the Clerk of Probate Court, Shelby County, Tennessee.

On 4 March 1971, John Hutchinson, Tennessee administrator, filed an action in the Federal District Court, Western District, North Carolina, against both plaintiffs herein, asking for damages for the wrongful death of Mark S. Hutchinson. On 26 March 1971, plaintiffs herein, defendants in the Federal court, filed answers to the complaint of John Hutchinson, in Federal District Court, and also moved to dismiss the action commenced in that court on the grounds that there was a prior pending action in the state court and also that no administrator had been appointed in North Carolina.

On 29 April 1971 in Superior Court, Catawba County, defendant John Hutchinson, individually and as administrator, filed answer to the amended complaint of the plaintiffs Lewis and Merchants Distributors, Inc., denied negligence or agency, alleged contributory negligence of Lewis, asserted that plaintiffs failed to state a claim upon which relief could be granted but did not state a counterclaim for wrongful death.

On 11 October 1971, the action of John Hutchinson, administrator, against these plaintiffs in the Federal District Court was dismissed on the ground that a foreign administrator may not recover on a cause of action for wrongful death arising in North Carolina in a North Carolina court.

On 20 October 1971, which was more than two years after 2 June 1969, Harold J. Bender, a resident of Iredell County, North Carolina, was appointed by the Clerk of Superior Court of Iredell County ancillary administrator for the estate of Mark S. Hutchinson, deceased. Thereafter on 30 November 1971, an order was entered in Superior Court, Catawba County, allowing John N. Hutchinson, the Tennessee administrator, to

amend his answer and assert a counterclaim for wrongful death against both plaintiffs without prejudice to the plaintiffs' right to assert the statute of limitations as a plea in bar to the claim, but the order failed to contain any provision ordering the ancillary administrator joined as a party claimant to the counterclaim for wrongful death.

Thereafter on 4 January 1972, and after a hearing and findings of fact on the plea in bar, Judge Grist entered an order (dated and filed 12 January 1972) dismissing the counterclaim of the defendant John N. Hutchinson, the Tennessee administrator. Defendant John N. Hutchinson, individually and as the Tennessee administrator, excepted and appealed on 12 January 1972 from the order of admissal, assigning error.

On 7 January 1972 (after the hearing on the plea in bar but before the date of the order therein), trial was had upon the issue of the negligence of the deceased, Mark Hutchinson, and the jury answered that issue "No" and returned a verdict for defendant, individually and as administrator. On 7 January 1972, judgment was entered on the verdict that plaintiffs have and recover nothing of the defendants, and on 7 January 1972, plaintiffs appealed, assigning error.

*Smathers, Ferrell & Farthing by Edwin G. Farthing and James C. Smathers for plaintiff appellants-appellees.*

*Frank & Lassiter by Jay F. Frank for defendant appellant, and Perry C. Henson and Daniel W. Donahue for defendant appellee.*

MALLARD, Chief Judge.

### APPEAL OF DEFENDANT ADMINISTRATOR

Defendant John N. Hutchinson, administrator of the estate of Mark S. Hutchinson in Tennessee, assigns as error the dismissal of his counterclaim at the hearing on plaintiffs' motion to dismiss, pursuant to G.S. 1A-1, Rule 12(b)(6).

[1] In North Carolina, an administrator appointed by the court of another state may not maintain an action for wrongful death occurring in North Carolina. *Monfils v. Hazlewood,* 218 N.C. 215, 10 S.E. 2d 673 (1940), *cert. denied,* 312 U.S. 684; *Hall v. R. R.,* 146 N.C. 345, 59 S.E. 879 (1907). However, the clerk of the superior court in the county in which personal

service may be had upon the alleged tortfeasor has authority to appoint an ancillary administrator to sue for wrongful death, notwithstanding that deceased was a nonresident. 3 Strong, N. C. Index 2d, Executors and Administrators, § 3.

[2]   Therefore, the commencement of a wrongful death action by a foreign administrator in North Carolina will not operate to bar the running of the applicable two-year statute of limitations set forth in G.S. 1-53, such action being a nullity and subject to dismissal. *Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761, 3 A.L.R. 3d 1225 (1963) ; *Bennett v. R. R.,* 159 N.C. 345, 74 S.E. 883 (1911) ; *Reid v. Smith,* 5 N.C. App. 646, 169 S.E. 2d 14 (1969).

> "The right of action for wrongful death is purely sta-tutory. It may be brought only 'by the executor, administra-tor, or collector of the decedent.' G.S. 28-173. * * * If an action for wrongful death is instituted by one other than the personal representative of a decedent, duly appointed in this State, it should be dismissed. * * * " *Graves. v. Welborn, supra. Compare McNamara v. Kerr-McGee Chemi-cal Corp.,* 328 F. Supp. 1058 (E.D.N.C. 1971) ; Annot., 3 A.L.R. 3d 1234 (1965).

An action may be dismissed for failure to state a claim upon which relief may be granted. G.S. 1A-1, Rule 12(b)(6). The defendant administrator was not duly appointed in this state. As of the time of this appeal, no ancillary administrator had been properly joined in this action, although there had been one appointed in North Carolina. The collision sued upon occurred on 2 June 1969. The date of death of Mark S. Hutchin-son is not specifically alleged in the pleadings. However, one of the defendant's witnesses testified that he went to the scene of the collision and that Mark S. Hutchinson did not have any pulse. Moreover, in the copy of the counterclaim which was attached to the Tennessee administrator's motion to amend, it is alleged that Mark was 16 years of age at the time of his death and John N. Hutchinson (the father) testified that Mark was born on July 1, 1952. Therefore, if he did not die immediately, he died before his seventeenth birthday which would have been on 1 July 1969. In plaintiff appellant's statement of case on appeal, it is stated that he was "killed in the collision"; there-fore, we assume that Mark S. Hutchinson died on 2 June 1969, or at least before his seventeenth birthday.

In the counterclaim attached to the motion filed 3 November 1971 by John N. Hutchinson, the Tennessee administrator of the estate of Mark S. Hutchinson, it was alleged that Harold J. Bender, the ancillary administrator, should be made a party to the action and that this allegation be considered as a motion for that purpose. This allegation was apparently not treated as such a motion because no order appears in this record directing that the ancillary administrator be made a party to this action.

The asserted counterclaim by the Tennessee administrator was not filed until 30 November 1971, which was after the ancillary administrator for the estate of Mark S. Hutchinson had been appointed in North Carolina and more than two years from the date of death of Mark S. Hutchinson, deceased. We hold that the defendant, Tennessee administrator, may not maintain this wrongful death action in North Carolina. Under the circumstances of this case, the dimissal of the counterclaim of the Tennessee administrator for the wrongful death of the decedent pursuant to G.S. 1A-1, Rule 12(b)(6) was proper. See *Young v. Marshburn,* 10 N.C. App. 729, 180 S.E. 2d 43 (1971), *cert. denied,* 278 N.C. 703; *Monfils v. Hazlewood, supra,* and G.S. 1-53.

[3] Defendant, the Tennessee administrator, contends that Judge Grist erred in failing to allow him to amend his answer pursuant to G.S. 1A-1, Rule 15(c) in order to assert a counterclaim for wrongful death which would relate back to defeat the bar of the statute of limitations. We do not agree. Assuming, but not deciding, that Rule 15(c) would permit the amendment of an answer to assert a counterclaim which has been barred by the statute of limitations [*compare Stoner v. Terranella,* 372 F. 2d 89 (6th Cir. 1967); *Butler v. Poffinberger,* 13 F.R. Serv. 2d 221, 49 F.R.D. 8 (1970)], nonetheless, we are of the opinion that Rule 15(c) is not applicable on the facts in this case because the proposed counterclaim for wrongful death was signed and filed by attorneys acting on behalf of a foreign administrator at a time when there was a duly appointed ancillary administrator in North Carolina, and after the Tennessee administrator had failed in his effort to have the Federal District Court take jurisdiction. The Tennessee administrator, instead of filing his counterclaim in the state court, instituted the action for wrongful death in the Federal District Court on 4 March 1971 which was after he was made a party defendant in this action and after summons in this action was served on him

on 10 February 1971. The findings of fact by Judge Grist are supported by the evidence and indicate that the defendant, the Tennessee administrator, failed in his counterclaim to state a claim upon which relief could be granted in North Carolina, failed to show oversight, inadvertence, excusable neglect, or that justice required the requested amendment, and the judge properly concluded as a matter of law that the counterclaim must be dismissed. See G.S. 1A-1, Rule 13(f). The order of Judge Grist dismissing the counterclaim of the defendant administrator is affirmed.

## APPEAL OF PLAINTIFFS MERCHANTS DISTRIBUTORS, INC.
### AND RONNIE WAYNE LEWIS

Plaintiffs set forth fifteen assignments of error in the record on appeal but have brought forward and argued in their brief only three. The remaining twelve assignments of error are deemed abandoned. Rule 28 of the Rules of Practice in the Court of Appeals.

[4] Plaintiffs' assignments of error numbered 8 and 9 are directed to the charge of the court to the jury. While reviewing the evidence in the case, the judge stated that the evidence tended to show that defendant administrator " . . . appears in this case having been brought in as an individual as well as the administrator of the estate of Mark S. Hutchinson, his son who I think everyone would agree was the victim in the automobile and lost his life in it." The plaintiffs contend that the trial judge's use of the word "victim" in the charge was an expression of opinion prejudicial to their cause and violative of G.S. 1A-1, Rule 51(a).

In support of their contention, plaintiffs cite *People v. Williams*, 17 Cal. 142 (1860). In that opinion the use of the word "victim" in the charge to the jury at the trial of a homicide was criticized by the appellate court.

In North Carolina, whether prejudice resulted from the trial judge's remarks is to be determined from the circumstances under which the remarks were made and the probable meaning of the language of the judge to the jury. *State v. Byrd*, 10 N.C. App. 56, 177 S.E. 2d 738 (1970). We do not approve of the use of the word "victim" by the trial judge, but on the facts of this case, we are of the opinion that the use of the word "victim" was not an impermissible expression of opinion by the

trial judge and did not amount to prejudicial error. In so doing, we note that in the context in which the word "victim" was used, it was obvious both to counsel for the plaintiffs and to the jury that the court was referring solely to the fact that Mark S. Hutchinson was the only person who was killed in the collision. Moreover, one of the definitions of the word "victim" in Webster's Third New International Dictionary (1968) is "someone who suffers death, loss, or injury in an undertaking of his own." Plaintiffs' assignment of error numbered 8 is over-ruled. See also, *Barger v. State*, 235 Md. 556, 202 A. 2d 344, 9 A.L.R. 3d 926 (1964).

[5] The plaintiffs also contend that the court erred in defining foreseeability in its instructions to the jury on proximate cause. We disagree. The court in its charge stated:

> "The law is made for all of us and it recognizes that we all have our frailities (sic) and therefore, it does not require that we will be able to foresee what is going to happen, but it does require that we so conduct ourselves that we have due regard for the rights of our fellowmen and that we foresee what might reasonably be foreseen, although it does not require what is known as prevision.

> The law only requires reasonable foresight and where the injury complained of is not reasonably foreseeable in the exercise of due care, the party whose conduct is under investigation is not answerable therefor. And I instruct you that reasonable care is that degree of care which a reasonably prudent person would exercise under like cir-cumstances when charged with a like duty. Foreseeable damage is a requisite of proximate cause and proximate cause is a requisite for actionable negligence and actionable negligence is a requisite for recovery for any damage negligently inflicted. A proximate cause is also a cause from which a person of ordinary prudence could have reasonably foreseen that such a result or some similar injurious result was probable under the facts as they existed."

Plaintiffs argue that the judge committed error in using the foregoing words "due regard for the rights of our fellowmen." We reject this argument and hold that the court's charge, when construed as a whole, adequately stated the law as to foresee-ability. A charge must be construed contextually, and isolated

portions of it will not be held prejudicial when the charge as a whole is correct. *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971). Plaintiffs' assignment of error numbered 9 is overruled.

[6] Plaintiffs assign as error the action of the trial court in excluding from the evidence a portion of a deposition given by Arthur Larry Arnold who was a passenger in the 1965 Dodge truck at the time of the collision at issue. The portion of the deposition excluded reads as follows:

"Q. All right. Had he taken any kind of pep pill or anything to keep him awake?

A. I don't know.

Q. Did you customarily carry such in the truck?

A. Yes, we did.

Q. What did you carry?

A. They were pep pills, to stay awake pills.

Q. Were they the kind you can go to the corner drug store and buy or the kind that you slip around the corner and buy?

A. I really don't know.

Q. Who got them?

A. Mark got them for us.

Q. All right, and when you were taking these long trips, sometimes, you would take them, is that correct?

A. If it was necessary to take them, yes.

Q. All right, to keep you awake?

A. Yes, Sir."

Plaintiffs contend that the excluded portion of the deposition is relevant as bearing upon the issue of negligence. We do not agree. Although evidence concerning a person's physical condition which may cause that person to act in a given manner may be competent upon the issue of negligence [*Rick v. Murphy,* 251 N.C. 162, 110 S.E. 2d 815 (1959)], the proffered evidence in the case at bar does not raise even a conjectural inference that the deceased was under the influence of any drug at the

time of the collision, or at any other time, or that deceased's physical condition was anything other than normal at the time of the accident. We reject plaintiffs' contention that the excluded evidence establishes a habit or custom on the part of deceased. The portion of the deposition offered was irrelevant and too remote to be considered upon the issue of negligence in this case and was properly excluded. See *State v. Stone,* 240 N.C. 606, 83 S.E. 2d 543 (1954). Plaintiffs' assignment of error numbered 3 is overruled.

We think the trial in the superior court was free from prejudicial error. In the appeal of plaintiffs and in the appeal of defendants, we find no error.

No error.

Judges BROCK and BRITT concur.