DORIS OVERMAN JOHNSON, Administratrix of the Estate of Jack Johnson, Deceased v. WACHOVIA BANK & TRUST CO., Executor of the Estate of Raiford D. Baxley, Deceased

No. 7418SC244

(Filed 5 June 1974)

1. Death § 4; Executors and Administrators § 2— wrongful death action — foreign administratrix — running of statute of limitations

A wrongful death action cannot be maintained by a foreign administratrix, and commencement of a wrongful death action in N. C. by a foreign administrator will not operate to bar the running of the applicable two-year statute of limitations set forth in G.S. 1-53(4), such action being a nullity and subject to dismissal.

2. Death § 4— wrongful death action — failure to qualify as administratrix in apt time — claim barred

Where plaintiff's intestate died on 30 April 1970 and plaintiff brought a wrongful death action against the estate of the doctor whose negligence allegedly caused the death on 30 May 1972, G.S. 1-22, which extends the statute of limitations in suits against a defendant's estate up to one year after the issuance of letters of administration for said defendant's estate, was of no avail to plaintiff, since defendant qualified as executor of the doctor's estate on 24 June

Johnson v. Trust Co.

1971, but plaintiff did not qualify as administratrix of her intestate's estate in N. C. until 2 May 1973.

APPEAL by plaintiff from *Lupton, Judge,* at the 28 May 1973 Civil Session of GUILFORD Superior Court.

Heard in the Court of Appeals 6 May 1974.

This is a wrongful death action instituted in North Carolina against the estate of Dr. Raiford D. Baxley, deceased physician, who allegedly was negligent in his treatment of Jack Johnson. Johnson had been injured in a fall, and it was alleged that his death was caused by the negligence of Dr. Baxley. Mr. Johnson died in North Carolina on 30 April 1970. Doris Overman Johnson, decedent's wife, qualified as administratrix of deceased's estate in Florida on 26 May 1970. Dr. Baxley died on 16 June 1971 and defendant, in this action, qualified as executor of his estate on 24 June 1971. This suit was commenced on 30 May 1972. On 1 May 1973, defendant filed a motion to dismiss and a motion for summary judgment on the ground that the plaintiff was a foreign administratrix and as such had no authority to institute an action in North Carolina. On 2 May 1973, Doris Overman Johnson Smith qualified as administratrix of Mr. Johnson's estate in Guilford County, North Carolina. On 16 May 1973, plaintiff, without showing a change in name, filed a motion to amend her complaint explaining that she had not been advised that she needed to qualify as administratrix in North Carolina as well as in Florida, and that upon learning of her faulty qualification, she immediately qualified in North Carolina as administratrix of the estate of Jack Johnson. Plaintiff's motion prayed that the trial court allow her to amend her complaint to show her qualification in North Carolina and to hold that such qualification related back to the date of the filing of this action. After a hearing on the matter, the trial court denied plaintiff's motion to amend the complaint, granted defendant's motion for summary judgment, and dismissed the action for failure to state a claim upon which relief may be granted. Plaintiff appealed.

*Edwards, Greeson and Toumaros by Harold F. Greeson for plaintiff appellant.*

*Henson, Donahue and Elrod by Joseph E. Elrod, III, for defendant appellee.*

CAMPBELL, Judge.

**[1]**   G.S. 28-173 provides in pertinent part:

> "When the death of a person is caused by a wrongful
> act, neglect or default of another, such as would, if the
> injured party had lived, have entitled him to an action
> for damages therefor, the person or corporation that would
> have been so liable, and his or their executors, administra-
> tors, collectors or successors shall be liable to an action for
> damages, to be brought by the executor, administrator or
> collector of the decedent, . . . "

A wrongful death action cannot be maintained by a foreign
administratrix, and commencement of a wrongful death action
in North Carolina by a foreign administrator will not operate
to bar the running of the applicable two-year statute of limita-
tions set forth in G.S. 1-53 (4), such action being a nullity and
subject to dismissal. *Merchants Distributors, Inc. v. Hutchinson*
and *Lewis v. Hutchinson,* 16 N.C. App. 655, 193 S.E. 2d 436
(1972) ; *Monfils v. Hazlewood,* 218 N.C. 215, 10 S.E. 2d 673
(1940) ; *Reid v. Smith,* 5 N.C. App. 646, 169 S.E. 2d 14 (1969).

**[2]**   G.S. 1-22, which extends the statute of limitations in suits
against a defendant's estate up to one year after the issuance
of letters of administration for said defendant's estate, is also
of no avail to plaintiff in this case since she did not qualify and
file suit within that time limit. Finally, plaintiff's qualification
on 2 May 1973 did not relate back to the filing of the suit where
no attempt has been made to qualify as administrator in North
Carolina. *Reid v. Smith, supra.* This case is distinguishable from
*Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761 (1963), in
that there the plaintiff attempted to qualify and did qualify in
every respect except having the signature of the surety on the
surety bond. In *Graves v. Welborn, supra,* the Court stated:

> " . . . However, we must not be understood as holding
> that one who has never applied for letters or who, having
> applied, had no reasonable grounds for believing that he
> had been duly appointed, can institute an action for
> wrongful death, or any other cause, upon a false allegation
> of appointment and thereafter validate that allegation by
> a subsequent appointment. . . . "

In the case at bar there was no substantial compliance as there
had been in *Graves v. Welborn, supra.* The trial court did not

err in granting the defendant's motion for summary judgment and for dismissal for failure to state a claim upon which relief could be granted.

No error.

Judges MORRIS and VAUGHN concur.