BERTHA G. SIMS, ADMINISTRATRIX OF THE ESTATE OF GAYHEART ALONZO SIMS, DECEASED v. REA CONSTRUCTION COMPANY

No. 7426SC995

(Filed 16 April 1975)

1. Death § 3— wrongful death action — foreign administrator — running of statute of limitations after institution of action

In N. C. an administrator appointed by the court of another state may not maintain an action for wrongful death occurring in N. C., and the commencement of a wrongful death action by a foreign administrator in N. C. will not operate to bar the running of the applicable two-year statute of limitations set forth in G.S. 1-53, such action being a nullity and subject to dismissal.

2. Death § 4; Executors and Administrators § 3— action for wrongful death — nonresident administrator — action barred by statute of limitations

Where a nonresident administratrix instituted an action for wrongful death in N. C. and no attempt was made to qualify a resident administrator until after the expiration of the statute of limitations, the trial court properly refused to substitute the resident administrator as party plaintiff and properly dismissed the action.

APPEAL by plaintiff from *Falls, Judge.* Order entered 27 August 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 12 February 1975.

The complaint alleges that plaintiff's intestate died on 3 July 1972 as a result of injuries sustained in an automobile accident in North Carolina. Plaintiff qualified as administratrix of decedent's estate in South Carolina and instituted the present action for wrongful death in the Superior Court of Mecklenburg County. On 25 July 1974, defendant filed a motion to dismiss under G.S. 1A-1, Rule 12(b) (6), and moved for summary judgment under G.S. 1A-1, Rule 56, for the reason that plaintiff is a foreign administratrix and, as such, she is not entitled to maintain a wrongful death action in North Carolina. On 22 August 1974, Keith M. Stroud was issued ancillary letters of administration by the Clerk of Superior Court of Mecklenburg County. By motion filed 23 August 1974, plaintiff asked that Keith M. Stroud be joined or substituted as party plaintiff.

The trial court denied plaintiff's motion and allowed defendant's motions for dismissal and for summary judgment. Plaintiff appealed.

*Seegers and Kilgore, by Samuel R. Kilgore, Jr., for plaintiff appellant.*

*Jones, Hewson & Woolard, by William L. Woolard, for defendant appellee.*

MARTIN, Judge.

There is no dispute that plaintiff Bertha G. Sims, the South Carolina administratrix of the estate of Gayheart Alonzo Sims, is not the proper party to maintain the present action. In addition, it was more than two years after the death of Gayheart Alonzo Sims that a North Carolina administrator was appointed and plaintiff sought to substitute the resident administrator as party plaintiff.

[1]  The right of action for wrongful death is purely statutory. *Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761 (1963). In North Carolina, an administrator appointed by the court of another state may not maintain an action for wrongful death occurring in North Carolina. *Monfils v. Hazlewood,* 218 N.C. 215, 10 S.E. 2d 673 (1940), *cert. denied* 312 U.S. 684. The commencement of a wrongful death action by a foreign administrator in North Carolina will not operate to bar the running of the applicable two-year statute of limitations set forth in G.S. 1-53, such action being a nullity and subject to dismissal. *Merchants Distributors v. Hutchinson* and *Lewis v. Hutchinson,* 16 N.C. App. 655, 193 S.E. 2d 436 (1972).

[2]  Since no attempt was made to qualify a resident administrator until after expiration of the statute of limitations set forth in G.S. 1-53(4), substitution of the resident administrator would not relate back and validate the present unauthorized action. *Johnson v. Trust Co.,* 22 N.C. App. 8, 205 S.E. 2d 353 (1974). It follows that the trial court did not err in refusing to substitute the resident administrator as party plaintiff and did not err in granting defendant's motion for summary judgment and for dismissal.

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.