Burcl v. Hospital

TRACY BURCL, ADMINISTRATRIX OF THE ESTATE OF PATRICIA B. HYLTON v.
NORTH CAROLINA BAPTIST HOSPITAL, INC.: DR. KATHRYN W. COL-
LIER; DR. JOHN S. COMPERE; DR. DAVID M. DEWAN; DR. DONALD A.
DEWHURST; DR. C. NASH HERNDON, ASSOCIATE DEAN; DR. LAUR-
ENCE F. HILLER; DR. JAMES J. HUTSON; DR. THOMAS H. IRVING,
CHAIRMAN OF THE DEPARTMENT OF ANESTHESIOLOGY; DR. RICHARD JANE-
WAY, DEAN OF BOWMAN GRAY SCHOOL OF MEDICINE; DR. WAYNE JARMAN;
DR. JOSEPH E. JOHNSON, III, CHAIRMAN OF THE DEPARTMENT OF MEDICINE;
DR. JULIAN F. KEITH, CHAIRMAN OF THE DEPARTMENT OF FAMILY AND
COMMUNITY MEDICINE; FAYE L. MAGNESON; DR. MANSON MEADS,
DIRECTOR OF MEDICAL CENTER BOARD; DR. JESSE H. MEREDITH; DR.
JOHN C. MUELLER; DR. JOHN MUSTOL; DR. RICHARD T. MYERS,
CHAIRMAN OF THE DEPARTMENT OF SURGERY; DR. PATRICIA POTTER; DR.
THOMAS J. POULTON; DR. RICHARD PROCTOR, CHAIRMAN OF THE DE-
PARTMENT OF PSYCHIATRY; DR. L. EARL WATTS; JOHN LYNCH, ADMINIS-
TRATOR OF NORTH CAROLINA BAPTIST HOSPITAL, INC.; AND WAKE FOREST
UNIVERSITY, INC., D/B/A BOWMAN GRAY SCHOOL OF MEDICINE OF
WAKE FOREST UNIVERSITY

No. 7921SC1107

(Filed 3 June 1980)

Death § 4.3; Executors and Administrators § 3-- action for wrongful death --
nonresident administrator -- qualification as ancillary administrator -- no
amendment of pleadings

The trial court did not err in granting defendant's motion to dismiss and
in denying the motion of plaintiff, the duly qualified Virginia administratrix
of her daughter's estate, to amend her pleadings in this wrongful death
action to allege her subsequent appointment as ancillary administratrix in
N. C. and to have her amendment relate back to the original institution of
this action so that her claim would not be barred by the statute of limita-
tions.

APPEAL by plaintiff from *Hairston, Judge.* Order entered 11
October 1979 in Superior Court, FORSYTH County. Heard in the
Court of Appeals 14 May 1980.

Plaintiff's complaint alleged that her daughter, Ms. Hylton,
had undergone a gastric bypass operation at Baptist Hospital
in Winston-Salem; that within 36 hours of the operation, she
had gone into shock and had undergone emergency surgery,
which revealed a perforation in her small intestine; and that
she had died of acute peritonitis and septicemia soon afterward.
Plaintiff alleged that her daughter had not been fully informed
of the risks of the operation and that she had not been psycholog-

ically able to decide whether to have the operation. A psychologist who examined Ms. Hylton as part of the pre-operative procedure had recommended that measures other than surgery be taken. More conservative measures were available. Further, Ms. Hylton was not given proper care during and after the procedure.

Plaintiff was granted a stay of this action until jurisdictional issues raised in a virtually identical federal action could be determined.

Defendants moved to dismiss this action on the ground that no administratrix had been appointed in North Carolina.

Plaintiff moved to amend her complaint and to have the amendment relate back. In her affidavit, she stated that she had begun the action in Federal Court, then discovered that she lacked diversity. She did not know that a North Carolina administratrix had to be appointed. She had already been appointed in Virginia and has now been appointed in North Carolina.

Plaintiff's motions were denied, and defendants' motion to dismiss was granted. Plaintiff appealed.

*Tornow & Lewis, by Michael J. Lewis for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by R. M. Stockton, Jr. and Robert J. Lawing, for North Carolina Baptist Hospital, Inc., Dr. Kathryn W. Collier, Dr. David M. Dewan, Dr. Laurence F. Hiller, Dr. James J. Hutson, Dr. Wayne Jarman, Faye L. Magneson, Dr. John Mustol, Dr. Thomas J. Poulton, and John Lynch, defendant appellees.*

*Hutchins, Tyndall, Bell, Davis & Pitt, by William Kearns Davis, for Dr. Donald A. Dewhurst, Dr. C. Nash Herndon, Dr. Thomas H. Irving, Dr. Richard Janeway, Dr. Joseph E. Johnson III, Dr. Julian F. Keith, Dr. Manson Meads, Dr. John C. Mueller, Dr. Patricia Potter, Dr. Richard Proctor, Dr. L. Earl Watts, and Wake Forest University, Inc., d/b/a Bowman Gray School of Medicine of Wake Forest University, defendant appellees.*

*Frank B. Aycock III, for Dr. John S. Compere, defendant appellee.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James D. Blount, Jr. and Nigle B. Barrow, Jr., for Dr. Jesse H. Meredith and Dr. Richard T. Myers, defendant appellees.*

ERWIN, Judge.

Plaintiff states the only question for our decision:

"Did the trial court err in granting defendant's motion to dismiss and in denying the motion of the plaintiff, the duly qualified Virginia administratrix of her daughter's estate, to amend her pleadings in this wrongful death action to allege her subsequent appointment as ancillary administratrix in North Carolina, and have this amendment relate back to the original institution of this action, so that her claim will not be barred by the statute of limitations?"

We answer, "No," and affirm the order entered by the trial court.

G.S. 28A-18-2(a) provides in pertinent part:

"(a) When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their personal representatives or collectors, shall be liable to an action for damages, to be brought by the personal representative or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default, causing the death, amounts in law to a felony."

The record clearly shows the following without dispute: (1) that Patricia B. Hylton died in this State on 29 July 1977; (2) that on 7 February 1978, Tracy Burcl qualified as administra-

trix of the estate of Patricia B. Hylton in the Circuit Court, Henry County, Virginia; (3) that the instant action was filed on 25 July 1979 in Superior Court, Forsyth County by plaintiff in her capacity as a Virginia administratrix; (4) that on 20 September 1979, Tracy Burcl qualified an ancillary administratrix of the estate of Patricia B. Hylton before the Clerk of Superior Court, Forsyth County; (5) that the qualification as ancillary administratrix in Forsyth County occurred more than two years after the death of Ms. Hylton; and (6) that on 21 September 1979, plaintiff moved to amend her complaint to allege that she had been appointed ancillary administratrix in North Carolina and further moved that the amendment be allowed to relate back to the filing of her complaint so that she could avoid the running of the statute of limitations.

Plaintiff argues honestly and forcefully that the order entered in the case *sub judice* should be reversed by this Court for the following reasons: (1) Plaintiff had in fact qualified as administratrix in Virginia prior to filing this action. (2) Plaintiff acted in good faith and was not aware that she had to qualify in the State of· North Carolina prior to filing her action in the capacity of administratrix. (3) Defendants are not prejudiced by her request to amend her complaint and to let such amendment relate back.

Plaintiff contends that her case is distinguishable from our decisions in *Reid v. Smith,* 5 N.C. App. 646, 169 S.E. 2d 14 (1969); *Merchants Distributors v. Hutchinson and Lewis v. Hutchinson,* 16 N.C. App. 655, 193 S.E. 2d 436 (1972); and *Sims v. Construction Co.,* 25 N.C. App. 472, 213 S.E. 2d 398 (1975). We conclude there are some differences in the cases cited, but these differences do not rise to the status of a distinction. The questions raised in the case *sub judice* were answered in *Sims v. Construction Co.,* 25 N.C. App. 472, 473, 213 S.E. 2d 398, 399 (1975):

"The right of action for wrongful death is purely statutory. *Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761 (1963). In North Carolina, an administrator appointed by the court of another state may not maintain an action for wrongful death occurring in North Carolina. *Monfils v. Hazlewood,* 218 N.C. 215, 10 S.E. 2d 673 (1940), *cert. denied*

312 U.S. 684. The commencement of a wrongful death action by a foreign administrator in North Carolina will not operate to bar the running of the applicable two-year statute of limitations set forth in G.S. 1-53, such action being a nullity and subject to dismissal. *Merchants Distributors v. Hutchinson* and *Lewis v. Hutchinson*, 16 N.C. App. 655, 193 S.E. 2d 436 (1972).

Since no attempt was made to qualify a resident administrator until after expiration of the statute of limitations set forth in G.S. 1-53(4), substitution of the resident administrator would not relate back and validate the present unauthorized action. *Johnson v. Trust Co.*, 22 N.C. App. 8, 205 S.E. 2d 353 (1974). It follows that the trial court did not err in refusing to substitute the resident administrator as party plaintiff and did not err in granting defendant's motion for summary judgment and for dismissal."

Judgment affirmed.

Chief Judge MORRIS and Judge CLARK concur.