MRS. MATTIE WOODY TODD, ADMINISTRATRIX OF ALEX GRAY TODD, DECEASED v. HARVEY ADAMS, M.D., AND RANDOLPH HOSPITAL, ·INC., A NORTH CAROLINA CORPORATION

No. 7418SC634

(Filed 18 September 1974)

**Death § 3; Torts § 7— wrongful death — release by widow not binding on estate**

Since a widow has no right of action for the wrongful death of her husband, she cannot execute a release for such a claim which is binding on the deceased husband's estate prior to the time she is ·appointed the personal representative of the estate. G.S. 28-173.

· APPEAL from *Long, Judge,* 11 March 1974 Session of Superior Court held in GUILFORD County. Heard in the Court of Appeals· 28 August 1974.

This is a civil action instituted by plaintiff, as administratrix of the estate of Alex Gray Todd, deceased, against the defendants, based upon the alleged death of plaintiff's intestate, by reason of the alleged malpractice of the defendants. In their answer, the defendants denied the material allegations of the complaint and, in addition, by subsequent amendment to their answer entered a plea in bar against recovery by plaintiff, upon the ground that plaintiff had theretofore executed a release which precluded the maintenance of the instant action. The record discloses that Alex Gray Todd was survived by his wife and ·six children.

Todd v. Adams

After a hearing on the defendants' plea in bar, the trial court made findings of fact which are summarized as follows:

On 26 April 1970, Alex Gray Todd, plaintiff's intestate, sustained personal injuries in an automobile accident while riding as a passenger in an automobile owned by him and operated by Peggy Ann Perry. Alex Gray Todd died on 29 April 1970. On 8 April 1971, Mattie Woody Todd, Alex Gray Todd's wife, after negotiations with a representative of the insurance carrier which afforded liability insurance on decedent's automobile, executed and acknowledged a release which included the following:

"RELEASE IN FULL

FOR THE SOLE AND ONLY CONSIDERATION OF EIGHT THOUSAND & No/100 (Dollars) ($8,000.00**) to me/us paid, receipt of which is hereby acknowledged, I/we hereby release and discharge ALEX G. TODD and PEGGY PERRY his or their successors and assigns, and all persons, firms or corporations who are or might be liable from all claims of any kind or character which I/we have or might have against him or them, and especially because of all damages, losses or injuries to person or property, or both, whether developed or undeveloped, known or unknown, resulting or to result from accident that occurred on or about April 26, 1970, at Asheboro, N. C. and I/we hereby acknowledge full settlement and satisfaction of all claims of whatsoever kind or character which I/we may have against him or them by reason of the above mentioned damages, losses or injuries."

On 21 April 1972, Mattie Woody Todd applied for and was granted letters of administration for the estate of Alex Gray Todd.

The present action for the wrongful death of Alex Gray Todd was instituted by Mattie Woody Todd as administratrix of his estate on 24 April 1972.

Based on its findings of fact, the trial court, among other things, concluded as a matter of law that:

"The grant[ing] of letters of administration to Mattie Woody Todd related back to the time of death of Alex Gray Todd and fully ratified and validated acts done by her in connection with effecting the settlement of any and all claims arising from the death of Alex Gray Todd."

From a judgment sustaining the plea in bar and dismissing the action, plaintiff appealed.

*Alvis A. Lee and Herman L. Taylor for plaintiff appellant.*

*Henson, Donahue & Elrod by Perry C. Henson for defendant appellee, Harvey Adams, M.D.*

*Jordan, Wright, Nichols, Caffrey & Hill by William B. Rector, Jr., for defendant appellee, Randolph Hospital, Inc.*

HEDRICK, Judge.

The only question requiring discussion on this appeal is whether the release executed by Mattie Woody Todd prior to her appointment as administratrix of her husband's estate is a bar to an action for the wrongful death of her husband instituted subsequent to her appointment as administratrix of his estate.

The amount recovered in an action for wrongful death is not liable to be applied as assets of the estate, in the payment of debts or legacies, except as to burial expenses of the deceased, and reasonable hospital and medical expenses not exceeding $500.00, but shall be disposed of as provided in the Intestate Succession Act. G.S. 28-173. The right of action for wrongful death is purely statutory, and it may be brought only "by the executor, administrator or collector of the decedent. . . . " G.S. 28-173; *Graves v. Welborn*, 260 N.C. 688, 133 S.E. 2d 761 (1963) ; *Reid v. Smith*, 5 N.C. App. 646, 169 S.E. 2d 14 (1969). A widow, as such, has no right of action for the death of her husband. *Graves v. Welborn, supra; Howell v. Comrs.*, 121 N.C. 362, 28 S.E. 362 (1897). Therefore, being unable to maintain a claim for wrongful death, the wife cannot execute a release for such a claim that would be binding on the estate unless she is first appointed the personal representative of the estate.

The judgment appealed from is

Reversed.

Judges BRITT and BALEY concur.