L. A. YOUNG, EXECUTOR OF THE ESTATE OF THELMA Y. BENSON, DECEASED, AND MYRA LEE BENSON GILBERT v. R. M. MARSH-BURN AND SEABOARD COAST LINE RAILROAD COMPANY

No. 7111SC114

(Filed 31 March 1971)

1. Parties § 3— parties defendant — wrongful death action — executor of estate

An executor cannot be joined as a party defendant in a wrongful death action, since the executor alone is authorized to commence the action. G.S. 28-173.

2. Death § 3; Executors and Administrators § 8— wrongful death action — executor entitled to maintain action

The trial court properly dismissed a wrongful death action that was instituted by a person other than the executor of the deceased's estate. G.S. 28-173.

3. Rules of Civil Procedure § 12— dismissal of action

An action may be dismissed for failure to state a claim upon which relief can be granted. G.S. 1A-1, Rule 12(b)(6).

APPEAL by plaintiff, Myra Lee Benson Gilbert, from *Bailey, J.,* September 1970 Session of JOHNSTON Superior Court.

This is a civil action instituted by the plaintiff, Myra Lee Benson Gilbert, to recover for the wrongful death of Thelma Y. Benson, plaintiff's adoptive mother, which resulted from an automobile-train collision on 17 March 1968.

After answering the complaint, the defendants, on 23 July 1970, filed a "Motion to Dismiss and For Judgment on the Pleadings" under the provisions of Rules 12(b)(6) and 12(c) of the North Carolina Rules of Civil Procedure.

After a hearing on the defendants' motion, the trial judge made the following pertinent findings of fact:

"1. This is a purported action to recover damages for the alleged wrongful death of Thelma Y. Benson, who died as the result of a collision between her automobile and a train of defendant Seaboard Coast Line Railroad Company, operated by defendant, R. M. Marshburn, as engineer, on March 17, 1968.

"2. Plaintiff Myra Lee Benson Gilbert is an adopted daughter of the deceased and she seeks in this action to recover

in her own name and in her own behalf damages for the death of said Thelma Y. Benson.

"3. L. A. Young, named as plaintiff in the caption of the cause, is executor of the estate of Thelma Y. Benson.

"4. L. A. Young, as such executor, refused to institute an action against the defendants for the alleged wrongful death of Thelma Y. Benson, and refused to become, and never became, a party to the present action. As such executor he was represented in the administration of said estate by counsel other than those who signed the complaint in this action.

"5. Counsel who signed the complaint signed only as counsel for Myra Lee Benson Gilbert. They stated in open court that they were not employed by L. A. Young, said executor, but that they used his name as a plaintiff in an attempt to comply with the provisions of G.S. 28-173.

"6. The complaint in said action is not signed by said executor or by counsel purporting to act for him, as provided by G.S. 1-144, which was in effect when said complaint was filed, or as required by Rule 11, North Carolina Rules of Civil Procedure, now in effect."

Based on its findings of fact, the court concluded as a matter of law that Myra Lee Benson Gilbert, the adopted daughter of Thelma Y. Benson, had failed to state a claim against either defendant upon which relief could be granted.

From an order dismissing the action, the plaintiff appealed to the North Carolina Court of Appeals.

*Bryan, Jones, Johnson, Hunter & Greene by K. Edward Greene; and Joe Levinson for plaintiff appellant.*

*Maupin, Taylor & Ellis by William W. Taylor, Jr., for defendant appellees.*

HEDRICK, Judge.

[1] Before this case was argued, the appellant filed in this Court a motion that L. A. Young, executor of the estate of Thelma Y. Benson, "be joined as a defendant in this action." This motion is denied for that L. A. Young, executor, is not a

proper party to be joined as a defendant in an action which he alone by statute is authorized to commence. G.S. 28-173.

[2] The appellant's single assignment of error presents the question of whether anyone other than the executor, administrator, or collector of an estate can maintain an action for wrongful death. The answer is no.

"The right of action for wrongful death is purely statutory. It may be brought only 'by the executor, administrator, or collector of the decedent.' G.S. 28-173. . . . If an action for wrongful death is instituted by one other than the personal representative of a decedent, duly appointed in this State, it should be dismissed. . . . " *Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761 (1963).

[3] An action may be dismissed for failure to state a claim upon which relief can be granted on motion filed pursuant to Rule 12(b)(6). We hold that the plaintiff, Myra Lee Benson Gilbert, the adopted daughter of Thelma Y. Benson, may not maintain an action for wrongful death in her own name; therefore, she has failed to state a claim upon which relief can be granted. The order dismissing the action is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.