CONNIE WOODELL AND JAMES WOODELL, III v. PINEHURST SURGICAL CLINIC, P.A., MICHAEL T. PISHKO, M.D., W. K. KILPATRICK, M.D., CLIFFORD J. LONG, M.D., AND JERRY E. SMITH, M.D.

No. 8420SC1249

(Filed 3 December 1985)

**Physicians, Surgeons and Allied Professions § 24.1— negligent diagnosis of twins— summary judgment for defendant proper**

     Summary judgment for defendant was proper in an action in which plaintiffs alleged that defendants' negligent diagnosis of twins resulted in physical pain and suffering, mental anguish and emotional distress, and expended sums for duplicate clothing and other items, but plaintiffs' forecast of evidence showed only non-permanent discomfort (pain and suffering, mental anguish and emotional distress) with no physical injury. The hurt, emotional upset and embarrassment suffered by plaintiff upon her healthy delivery after the negligent misdiagnosis of twins was not a sufficient basis for recovery when there was no evidence of physical injury; a stipulation that all facts alleged in plaintiffs' complaint were true did not admit that plaintiffs suffered physical injury because some of plaintiffs' contentions involved conclusions.

     Judge PHILLIPS dissenting.

APPEAL by plaintiffs from *Helms, Judge.* Order entered 5 September 1984 in Superior Court, MOORE County. Heard in the Court of Appeals 5 June 1985.

*Staton, Perkinson, West & Doster, by Stanley W. West, for plaintiff appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Samuel G. Thompson, Jodee Sparkman King and William H. Moss, for defendant appellees.*

BECTON, Judge.

Plaintiff Connie Woodell sued the defendant physicians and the clinic with which they were then associated for injuries and damage allegedly resulting from their negligent diagnosis that she was pregnant with twins, when in fact she was carrying only a single fetus. Her husband's action is for consortium allegedly lost because of her injuries. After discovery, the trial court granted defendants' motion for summary judgment on the ground that the evidence raised no genuine issue of material fact against any of them. Rule 56, N.C. Rules of Civil Procedure. We affirm.

Summary judgment was granted for the defendants in this case because the forecast of evidence failed to show that the defendants' negligence, if any, caused any injury or damage to plaintiff, Connie Woodell, that our law regards as actionable. Plaintiff alleged that she underwent physical pain and suffering, mental anguish and emotional distress and expended sums of money for duplicate baby clothing and other items. She, therefore, takes comfort in the following stipulation: "For purposes of this [summary judgment] motion, all facts alleged in the plaintiff's Complaint were deemed to be true." Based on this stipulation, plaintiff contends summary judgment was inappropriate because the evidence suggests: (1) that between the fifth and eighth months of her pregnancy, defendants examined plaintiff four times with an ultrasound device operated by their employee and agent, who was not qualified to use the device; (2) that the ultrasound operator interpreted each of the examinations as showing that plaintiff was carrying twins, whereas a competent operator would have readily recognized that the examinations show a single fetus; (3) that defendants knew the operator was not qualified to conduct and interpret an ultrasound examination; (4) that defendants based their diagnosis and treatment of plaintiff's condition on the operator's interpretations; (5) that after the first examination defendants advised plaintiff to eat more food and

gain more weight because she was carrying twins; (6) that later, when her gain was less than recommended, defendants advised her that problems were developing with the pregnancy which could result in the stillbirth of both children; and (7) that defendants did not tell her until shortly before her due date that she was carrying only a single fetus.

First, because some of plaintiff's contentions involve "conclusions," it is important to note that the stipulation refers to "facts alleged," not "conclusions." Thus, the defendants did not admit that plaintiff suffered physical injuries. Second, our Court has repeatedly observed that:

> For a plaintiff to recover for emotional or mental distress in an ordinary negligence case, [s]he must prove that the mental distress was the proximate result of some physical impact with or physical injury to [her]self also resulting from the defendant's negligence. *Williamson v. Bennett*, 251 N.C. 498, 112 S.E. 2d 48 (1960).

*McDowell v. Davis*, 33 N.C. App. 529, 537, 235 S.E. 2d 896, 901, disc. rev. denied and appeal dismissed, 293 N.C. 360, 237 S.E. 2d 848 (1977); *Wyatt v. Gilmore*, 57 N.C. App. 57, 290 S.E. 2d 790 (1982). As defendants note in their brief, the requirement of "physical injury" resulting from mental anguish has been stated as being "simply a vehicle used by the court to distinguish harm of this magnitude from less serious interference, which, if a multitude of suits are to be avoided, everyone must be left to absorb to some degree." Byrd, "Recovery for Mental Anguish in North Carolina," 58 N.C. L. Rev. 435, 458 (1980).

Contrary to the suggestion in plaintiff's brief, the law of North Carolina does not equate physical pain with physical injury. Pain is but one symptom of injury. There may be pain without injury just as there may be injury without pain. On the facts of this case, even with the stipulation, plaintiff's forecast of evidence shows only non-permanent discomfort (physical pain and suffering, mental anguish and emotional distress) with no physical injury. The pregnancy went full term and resulted in the safe delivery of a healthy baby. Since "mere hurt or embarrassment are not compensable," *Flake v. Greensboro News Co.*, 212 N.C. 780, 195 S.E. 55 (1938); *McDowell v. Davis*, the hurt, emotional upset and embarrassment suffered by plaintiff upon her healthy deliv-

ery after the negligently-arrived-at misdiagnosis of twins, is not a sufficient basis for recovery when there is no evidence of physical injury.

We have not, by referring to Byrd, "Recovery for Mental Anguish," *supra,* cavalierly disposed of plaintiff's cause of action. We realize that the physical condition, as well as the emotional and mental status of a pregnant woman, is likely to be adversely affected by incorrect, alarming, and contradictory information provided to her about her pregnancy. For example, our appellate courts lessened the "physical injury" requirement in cases involving the wilful and intentional, as opposed to the negligent, infliction of emotional distress. *See Stanback v. Stanback,* 297 N.C. 181, 254 S.E. 2d 611 (1979); *see also Dickens v. Puryear,* 302 N.C. 437, 276 S.E. 2d 325 (1981) (distinguishing and limiting *Stanback* to intentional infliction of mental anguish cases). By way of further example, our courts have allowed, upon a proper forecast of evidence, new or heretofore unrecognized causes of action to go to the jury. *See, e.g., Hutchens v. Hankins,* 63 N.C. App. 1, 303 S.E. 2d 584, *disc. rev. denied,* 309 N.C. 191, 305 S.E. 2d 734 (1983) (right of action against dram shop operators). And, when the opportunity arises, this Court will not shirk its duty to fully consider new causes of action when they are properly presented.

In this emotional or mental distress case based on ordinary negligence, plaintiff simply has failed to state a cognizable claim, and summary judgment was appropriate. We therefore

Affirm.

Judge PHILLIPS dissents.

Judge EAGLES concurs.

Judge PHILLIPS dissenting.

In my opinion, the statements of fact in the complaint, accepted as evidence and deemed to be true for the purposes of this appeal, that as a result of defendants' negligence "the plaintiff, Connie Woodell, underwent physical pain and suffering, mental anguish and emotional distress" and "expended sums of money for duplicate baby clothing and other items" raises a damages

issue that a jury should decide. "[G]iven the broad interpretation of 'physical injury' in our case law," *Stanback v. Stanback*, 297 N.C. 181, 198-99, 254 S.E. 2d 611, 623 (1979), it seems plain to me that physical pain and suffering, when inflicted by another, is not only evidence of physical injury—it is physical injury. Nor was the injury either unforeseeable or too trivial to warrant the law's concern. The mind does not exist in a vacuum, and anxiety is not necessarily harmless, as some of the old cases suggest; pregnant women do sometimes worry themselves into harmful states because of problems that their pregnancies are believed to involve and obstetricians spend a goodly part of their time attempting to allay such anxieties; and being advised by her doctor that her child may be born dead can be profoundly injurious to any woman. The stipulated evidence as to her extra expenditures for unneeded clothing and other items also tends to show that defendants' negligence was actionable in another respect. That the *damages* are not large neither eliminates their existence not nullifies the principle of law that authorizes their recovery.

Furthermore, expert medical testimony and other evidence presented by plaintiffs raised an issue of fact as to whether the defendants were recklessly indifferent to her well being and are therefore subject to punitive damages. That improperly conducted diagnostic examinations by unqualified operators is evidence of professional negligence requires no discussion, and is why this issue was not argued on appeal. But the evidence shows more, in my opinion. It tends to show that though the defendants knew that the ultrasound operator was incompetent and had misread other examinations, they nevertheless chose to base their diagnosis of plaintiff's condition on the operator's examinations and interpretations. This indicates more than mere inadvertence and oversight; it indicates an "intentional disregard of and indifference to the rights and safety of" the plaintiff, which plaintiffs alleged and for which punitive damages are authorized. *Hinson v. Dawson*, 244 N.C. 23, 28, 92 S.E. 2d 393, 397 (1956). Since the evidence tends to show a conscious and persistent willingness by apparently skilled, experienced professionals to expose plaintiff to the harm inherent in a false diagnosis, it supports a cause of action, whether any physical injury is deemed to have been suffered or not.