LILLIAN B. LEDFORD AND JOHN B. LEDFORD v. ROSEMARY M. MARTIN, EXECUTRIX FOR THE ESTATE OF DONION R. MARTIN

No. 8717SC33

(Filed 1 September 1987)

**1. Death § 3— wrongful death of stillborn child**

An action could properly be maintained for the wrongful death of a stillborn child.

**2. Death § 3.2— wrongful death of fetus—right to bring action—amendment of complaint**

A claim for the wrongful death of a fetus should not be dismissed because it was not brought by the personal representative of the deceased where the failure to bring the action in the name of the estate administrator was due to the unwillingness of the clerk of court to issue letters of administration for the estate of a fetus. Upon remand, the clerk should appoint an administrator to bring the action, and plaintiffs should be allowed to amend their complaint to substitute the proper party. N.C.G.S. § 28A-18-2(a); N.C.G.S. § 1A-1, Rule 15(a).

**3. Physicians, Surgeons and Allied Professions § 17— negligence in obstetrical care—statement of claim for relief**

A complaint was sufficient to state a claim for negligent obstetrical care of a mother and her baby where it alleged that the death of the mother's stillborn child was the proximate result of defendant physician's failure properly to treat the mother's hypertension, his failure to advise the mother of ways to control her hypertension, his misinterpretation of non-stress tests, and his failure to order more complete tests to ascertain the cause of the mother's extreme abdominal pain.

**4. Damages § 3.4— mental anguish—statement of claim for relief**

Abdominal pain and surgery undergone by the mother of a stillborn child constituted the "physical injury" required to support a claim for negligent infliction of mental suffering, and the mother's complaint stated a claim for mental anguish from defendant obstetrician's negligence in the death of the stillborn child.

APPEAL by plaintiffs from *Morgan, Judge*. Order entered 25 August 1986 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 2 June 1987.

Plaintiffs filed this action on 28 March 1986 alleging that the negligence of defendant Donion R. Martin, M.D., and Annie Penn Memorial Hospital, caused plaintiffs' baby to be stillborn. Plaintiffs seek recovery for the wrongful death of the stillborn child, the pain and suffering of the plaintiff-wife and the loss of his wife's consortium for plaintiff-husband.

Defendants each filed a general denial and made a motion to dismiss the causes of action pursuant to G.S. 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Subsequently, plaintiffs voluntarily dismissed their claims against the hospital. Defendant Donion Martin died and his wife, as executrix of his estate was substituted as defendant.

The trial court granted the motion to dismiss all of plaintiffs' claims against defendant. Plaintiffs appealed. Prior to the docketing of the appeal in this Court, plaintiff John B. Ledford died. His wife, as executrix of his estate, has been substituted as a plaintiff pursuant to Rule 38(a) of the North Carolina Rules of Appellate Procedure.

*Maxwell, Freeman and Beason, P.A., by James B. Maxwell, for plaintiffs-appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell and Jernigan, by Samuel G. Thompson and William H. Moss, for defendant-appellee.*

PARKER, Judge.

[1] The disposition of plaintiffs' appeal on their cause of action for the wrongful death of their stillborn child is controlled by the decision of our Supreme Court in *DiDonato v. Wortman*, 320 N.C. 423, 358 S.E. 2d 489 (1987). Accordingly, we reverse the decision of the trial court as to that claim.

[2] Defendant contends that the cause of action for the wrongful death of the fetus should still be dismissed as it was not brought by the personal representative of the deceased as required by G.S. 28A-18-2(a). *See Young v. Marshburn*, 10 N.C. App. 729, 180

S.E. 2d 43, *cert. denied*, 278 N.C. 703, 181 S.E. 2d 603 (1971). However, the failure to bring this action in the name of the administrator of the estate was apparently due to the unwillingness of the clerk of court of Rockingham County to issue letters of administration for a fetus's "estate." The existence of a cause of action for wrongful death is sufficient for the appointment of an administrator, *Vance v. Southern R.R.*, 138 N.C. 460, 50 S.E. 860 (1905), and as the Supreme Court expressly recognized in *DiDonato, supra*, that a wrongful death action exists for a viable fetus, the clerk should now appoint an administrator to bring the action. Plaintiffs should then be allowed to amend their complaint to substitute the proper party. G.S. 1A-1, Rule 15(a). *See McNamara v. Kerr-McGee Chemical Corp.*, 328 F. Supp. 1058 (E.D.N.C. 1971).

Plaintiffs also brought claims for the physical, mental and emotional injuries suffered by Ms. Ledford and for the loss of his wife's consortium suffered by Mr. Ledford. Both of these claims were also dismissed by the trial court. For the purposes of ruling on a motion to dismiss a complaint under Rule 12(b)(6), the allegations of the complaint are taken as true. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). A complaint should not be dismissed for failure to state a claim unless " '*it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*' " *Id.* at 185, 254 S.E. 2d at 615 (emphasis in original) (quoting 2A *Moore's Federal Practice*, § 12.08 (2d ed. 1975)). When so viewed, the complaint in this case adequately sets forth a cause of action for both plaintiffs.

Taken as true, the complaint alleges the following facts: Ms. Ledford suffered from hypertension, a known risk factor in causing growth retardation in fetuses. Ms. Ledford became pregnant for the first time at age thirty-seven and chose Dr. Donion R. Martin as her obstetrician. Dr. Martin was aware of plaintiff's hypertension but did nothing to warn plaintiff of the risks it posed to her baby; nor did he properly treat the hypertension or advise Ms. Ledford on ways to control it. In mid-March 1984, approximately seven months into her pregnancy, Ms. Ledford began experiencing severe abdominal pain. The pain was so severe that plaintiff went to the emergency room at Annie Penn Memorial Hospital. The nurse at the hospital contacted Dr. Martin, who ordered a non-stress test for plaintiff. The results of the test were

relayed to Dr. Martin who misinterpreted the results and ordered that Ms. Ledford simply be sent home with medication for the pain.

Plaintiff continued to experience severe abdominal pain. On account of this pain, Ms. Ledford saw Dr. Martin on at least two more occasions. Dr. Martin performed another non-stress test in his office on 30 March which he also misinterpreted and dismissed plaintiff's complaints as being due to nervousness. No other tests were performed. On 2 April, Ms. Ledford contacted Dr. Martin and told him that she no longer felt any fetal movement. Only then were more tests ordered, both in Dr. Martin's office and in the hospital. These tests confirmed that the approximately thirty-four week old fetus was dead. On that same day, plaintiff underwent surgery to remove the fetus from her body.

[3] The complaint alleges that the death of the stillborn child was the proximate result of defendant's negligence in failing to properly treat Ms. Ledford's hypertension, his failure to properly advise her of ways to control her hypertension, his misreading of the non-stress tests, and his failure to order more complete tests to ascertain the cause of plaintiff's episodes of extreme abdominal pain. These allegations are clearly sufficient to make out a claim for the negligent obstetrical care of Ms. Ledford and her baby by Dr. Martin.

When an obstetrician agrees to take on a pregnant woman as a patient, he actually acquires two patients: mother and baby. In *DiDonato, supra,* the Supreme Court concluded that the estate of the stillborn baby may pursue a cause of action for the injuries suffered by the fetus caused by negligence in the administering of obstetrical care. The mother, too, has suffered injury. In this case, Ms. Ledford suffered severe abdominal pain which went untreated; she had to undergo the extremely heart-rending experience of having her dead child surgically removed from her body; and she has endured immeasurable emotional and mental anguish.

[4] Appellee argues that Ms. Ledford should not be allowed any recovery for emotional distress as, in North Carolina, parents may not recover for the pain, suffering or mental anguish caused to the parent as a result of their child's injury or death. *See generally* Byrd, *Recovery for Mental Anguish*, 58 N.C.L. Rev. 435 (1980). However, the rationale for this rule is that such mental

suffering is too remote and unforeseeable to justify a conclusion that defendant's negligent conduct was the proximate cause of the mental anguish. *See Williamson v. Bennett*, 251 N.C. 498, 503, 112 S.E. 2d 48, 52 (1960). In this case, on the other hand, the mental suffering of Ms. Ledford is clearly a foreseeable consequence of negligent obstetrical care. A fetus is connected to its mother in the most intimate of ways. Further, Ms. Ledford's mental suffering is not remote as she suffered physical injury in enduring severe abdominal pain and in having to undergo surgery. This abdominal pain and the surgery are sufficient to constitute the "physical injury" required to support a claim for the negligent infliction of mental suffering. *See Woodell v. Pinehurst Surgical Clinic, P.A.*, 78 N.C. App. 230, 336 S.E. 2d 716 (1985), *aff'd per curiam*, 316 N.C. 550, 342 S.E. 2d 523 (1986). We conclude that plaintiffs' complaint, taken as true, sets forth facts sufficient to support a claim for mental anguish suffered by Ms. Ledford as a proximate result of Dr. Martin's negligent obstetrical care. *See DiDonato*, 320 N.C. at 432, 358 S.E. 2d at 494 n.3.

Additionally, as Ms. Ledford has adequately stated a claim for relief, it follows that Mr. Ledford has an actionable claim for loss of consortium. Loss of consortium damages are recognized in this State as ancillary to a claim for personal injury brought by the spouse of the person seeking loss of consortium damages. *Nicholson v. Hospital*, 300 N.C. 295, 266 S.E. 2d 818 (1980).

The decision of the trial court is reversed in its entirety. Plaintiffs are to be afforded an opportunity to amend their complaint, pursuant to Rule 15 of the Rules of Civil Procedure, to bring the action for the wrongful death in the name of the personal representative of the estate.

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.